(No. 3928—

CHARLES TOMSOVIC, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 19, 1946.*

LEONARD W. STEARNS, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On June 6, 1945, the claimant, Charles Tomsovie, employed by the respondent as an attendant at the Illinois State Hospital, at Dixon, Illinois, sustained an injury to the second finger of his right hand when he tried to re-

strain one of the patients from breaking a window in the hospital.

At the time of the injury claimant had no children under sixteen years of age dependent upon him for support and was employed at a monthly salary of $115.00. Claimant and respondent were operating under the provisions of the Workman's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

From the report of the Department of Public Welfare, which forms a part of the record in the case, it appears that claimant's injury resulted in a fracture of his finger, and that an X-ray shows a tiny splinter of bone on top of the distal inter-phalangeal joint. It also appears from this report that claimant lost no time from his work.

Claimant, testifying on his own behalf, stated that the splint placed on his finger following the accident, under the supervision of Dr. Rosenberg, at the Illinois State Hospital at Dixon, remained there for four or five weeks. After the splint was removed, the finger was deformed, bending inward, and claimant was unable to extend it fully. He testified that he has no strength in the finger; that it still pains him; and that he is unable to use it in any manual work.

No claim is made for medical or surgical services, or for temporary disability. Claimant, however, seeks compensation for loss of use of his right second finger.

From the evidence, and from personal examination of the claimant by the court, it appears that the claimant has sustained a 75% permanent partial loss of the use of the second finger of his right hand. For the loss of a

second finger, or the permanent and complete loss of its use, claimant would be entitled to 50% of his average weekly wage for thirty-five weeks. Since he has suffered a 75% loss of the use, he is entitled to an award of 50% of his average weekly wage for 26¼ weeks. His annual earnings were $1380.00, his average weekly wage was $26.53, one-half of which is $13.26. The injury having occurred after July 1, 1943, this must be increased 17½%. Claimant's compensation rate is thus $13.53 per week.

Claimant is therefore entitled to an award of $15.58 per week for a period of 26¼ weeks, in the total sum of $408.97, which has accrued and is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees," and is payable upon approval, from the appropriation from the General Revenue Fund in the manner provided in such act.